No. 83-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA, ex rel.,
DEPARTMENT OF HEALTH AND ENVIRONMENTAL
SCIENCES,

        Plaintiff and Respondent,

   -vs-

CECIL L. BERNHARD,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Nineteenth Judicial District,
              In and for the County of Lincoln,
              The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jeffrey Shrom, Missoula, Montana

    For Respondent:

        William A. Douglas, County Attorney, Libby,
        Montana

---

Submitted on Briefs:  August 4, 1983

Decided:  January 26, 1984

Filed:  JAN 26 1984

*Ethel M. Harrison*

---
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Cecil L. Bernhard appeals an order of Lincoln County District Court enjoining him from operating a motor vehicle wrecking facility without a license and ordering him to shield the junk vehicles from public view. The court, under section 75-10-542(2), MCA, imposed a fine of $50 per day for each day from the date of the order if Bernhard did not comply. The court also ordered the Department of Health and Environmental Sciences to remove the vehicles if Bernhard failed to follow the order.

In his appeal, Bernhard argues that he rebutted the statutory presumption of section 75-10-502, MCA, that possession of four or more junk vehicles is operation of a motor vehicle wrecking facility. He claims testimony of his two witnesses rebutted that presumption. Bernhard also argues that the state, not he, is responsible for shielding the junk vehicles. We affirm the trial court's decision.

Bernhard was civilly charged July 2, 1979, with operating a motor vehicle wrecking facility without a license in violation of section 75-10-511, MCA. The statute provides for both criminal and civil penalties in the form of a thirty-day jail term, fines of up to $250 and injunctions. Section 75-10-542, MCA. However, the State sought only civil penalties. The State requested an injunction to prevent Bernhard from operating until he received a license, an injunction requiring him to either shield the junks or dispose of them, and a fine of $50 per day from January 1, 1979, for failing to have a license.

Bernhard owns fifty to seventy-five old and battered cars or their hulks. Under section 75-10-502, MCA,

- 2 -

possession of four or more junk vehicles triggers the presumption of operating a motor wrecking facility. A motor wrecking facility is essentially a facility buying, selling, or dealing in junk vehicles with the purpose to wreck, dismantle or disassemble the cars, section 75-10-501(5), MCA. Junk vehicles are defined in section 75-10-501(3), MCA, as "a discarded, ruined, wrecked or dismantled vehicle which is not. . . licensed and is incapable of being driven."

A nonjury trial was held November 12, 1982, at which both the State and Bernhard presented witnesses' testimony. The State presented the county sanitarian, who testified that Bernhard possessed four or more junk vehicles. Anderson testified that the vehicles are visible from two highways and that Bernhard refuses to shield the vehicles, which he must do as a condition to obtaining a license.

Bernhard attempted to rebut the statutory presumption with the testimony of two neighbors. They testified that they did not know if Bernhard was selling any cars or car hulks, but knew that Bernhard did not advertise as a wrecking facility. However, this testimony, on its face, does not overcome the statutory presumption of operating a wrecking facility. Bernhard's own testimony was that he used car parts from the junks to reassemble and repair cars and trucks he owned. The trial judge also found that Bernhard did not rebut the presumption and ruled that Bernhard was operating a wrecking facility without a license. The trial court gave Bernhard the option to shield the vehicles or allow the Department of Health and Environmental Sciences to remove all but three of the junked cars. The trial judge also imposed the statutory civil penalty of $50 per day from May 1, 1983, if Bernhard failed to shield the vehicles or dispose of them,

section 75-10-542(2), MCA. Execution was stayed pending appeal to this Court.

The trial court's findings are supported by substantial evidence, and the presumption of operating a wrecking facility is permissible in this civil context. Bernhard was previously criminally convicted for noncompliance with the statutory requirements to obtain a license. State v. Bernhard (1977), 173 Mont. 464, 568 P.2d 136. However, this most recent action was not based on that conviction but pursued under the civil enforcement provision of section 75-10-541, MCA, which provides for injunction and fines for noncompliance with the statute.

Bernhard refused to comply with the statutes. Enforcement was properly pursued by the civil remedies available to the State. We affirm the trial court's injunction and imposition of civil penalties.

Assuming his possession of junk cars is tantamount to operating a wrecking facility, Bernhard then claims that the State is responsible for shielding the junk cars. However, this would be true only if he had operated a properly licensed wrecking facility before 1967. Bernhard did not have a license to operate a wrecking facility in 1967, and the current statute requires him to shield the vehicles to obtain a license, section 75-10-504, MCA. In addition, an administrative regulation applies here. If Bernhard chooses to remove all but three junk vehicles, § 16.14.206, A.R.M., requires him to shield one to three junk vehicles.

The trial court's decision is affirmed.

Daniel J. Shea
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____

John Q Shelly
_____
Justices