No. 85-513

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA, ex rel., DEPARTMENT
OF HEALTH AND ENVIRONMENTAL SCIENCES,

             Plaintiff and Respondent,

        -vs-

CECIL L. BERNHARD,

             Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
             In and for the County of Lincoln,
             The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

             Jeffrey L. Shrom, Missoula, Montana

        For Respondent:

             William Douglas, Lincoln County Attorney, Libby,
             Montana
             Susan Loehn, Deputy County Attorney, Libby, Montana

                              Submitted on Briefs: Jan. 23, 1986

                              Decided:   February 20, 1986

Filed:   FEB 20 1986

_____
             Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Cecil Bernhard appeals the August 16, 1985, order of the Nineteenth Judicial District Court, County of Lincoln, which assessed a $50 per day civil penalty against him for failing to properly shield his motor vehicle wrecking facility from public view. The order also stated that if the penalty was not paid by the 13th of September, 1985, the Department of Environmental Health and Sciences (DHES) would be permitted to contract for the destruction of the vehicles. Defendant Bernhard appeals. We affirm the order of the District Court.

Cecil Bernhard stores between 60 and 100 junk vehicles on his property near Eureka, Montana. In November of 1975, a complaint was filed against Bernhard for operating a motor vehicle wrecking facility without a license, a misdemeanor. He was ultimately fined $300 and sentenced to serve 30 days in jail unless he obtained a license within 30 days of the date of judgment. On appeal, this Court affirmed the conviction.

Bernhard was next civilly charged July 2, 1979, with operating a motor vehicle wrecking facility without a license, pursuant to § 75-10-511(1), MCA. An order was issued by the Lincoln County District Court, enjoining defendant from operating the facility without a license and ordering him to shield the vehicles from public view. The order also provided for the imposition of a $50 a day fine for each day Bernhard refused to comply. On appeal, this Court again affirmed the District Court.

As a result of that action, Bernhard placed a fence around most of the vehicles and obtained a license to operate the facility. The fence was installed during the winter of 1984-85. The frozen ground made it impossible to drive fence

2

posts into the ground. Cattle belonging to a neighbor, but grazing on Bernhard's land, apparently knocked the fence down in the spring of 1985. The owner of the cattle rebuilt the fence. However, a strong wind storm again knocked down the fence.

Upon being notified of the problem, Lincoln County's Sanitarian viewed Bernhard's property and sent him a letter May 13, 1985, requesting a compliance timetable. The fence was not improved and on July 2, 1985, the County Attorney filed a petition and motion to show cause why the civil penalty of $50 per each day of violation should not be imposed. A hearing was set for August 12, 1985. Defendant appeared, but without an attorney. After extensive questioning by the trial judge regarding defendant's right to counsel, the hearing proceeded with defendant acting pro se.

Following the hearing, the trial judge issued findings of fact, conclusions of law and the order assessing defendant $50 a day from June 25, 1985, to August 12, 1985, and further assessing defendant $50 a day thereafter until full compliance with the order to shield the vehicles. Bernhard filed a motion September 13, 1985, for a temporary restraining order forbidding the DHES from contracting for the destruction of the vehicles; however, he failed to request that a hearing be set on the motion. The present status of the vehicles is unknown.

Bernhard, now represented by counsel, appeals, raising the following issues:

1. Whether the defendant was in compliance with the court's order as a matter of law and whether the District Court erred in its judgment of noncompliance?

2. Once a motor vehicle wrecking facility license is issued, does the court have to follow a procedure for

3

issuing, denying or revoking the license before imposing a $50 a day civil penalty for failure to shield?

3. Was the defendant entitled to be represented by counsel at the show-cause hearing?

4. Did defendant willingly and knowingly waive his right to counsel at the show-cause hearing?

5. Was the defendant incompetent to represent himself at the show-cause hearing?

I.

Bernhard argues that he erected a fence to shield the facility pursuant to § 75-10-504, MCA, and a November 1984 order of the District Court. The fence was destroyed by cattle and a wind storm, forces over which Bernhard had no control. Therefore, pursuant to § 1-3-217, MCA, he cannot be held responsible for the destruction of his fence. What Bernhard fails to mention is that he is responsible for installing a fence which adequately shields the wrecking facility and for repairing or replacing that fence when necessary. There is substantial credible evidence in the record to support the trial judge's finding that Bernhard was not in compliance with the court's earlier order to shield the wrecking facility.

II.

The trial judge did not have to revoke Bernhard's license prior to imposing the $50 a day civil penalty.

Section 75-10-542(2), MCA, provides:

A person who violates this part, except 75-10-520, a rule of the department, or an order issued as provided in this part shall be subject to a civil penalty of not more than $50. Each day upon which a violation of this part or a rule or order occurs is a separate violation.

Section 75-10-504, MCA, provides that a motor vehicle wrecking facility "established or proposed on or after

4

July 1, 1973," must be shielded from public view. By failing to shield his facility, Bernhard violated that statute. Bernhard also violated a court order issued pursuant to Title 75, Part 10. Therefore, pursuant to § 75-10-542(2), MCA, the $50 a day penalty was properly imposed.

III.

The remaining three issues concern Bernhard's lack of representation by counsel at the show-cause hearing.

Section 37-61-416, MCA, states in applicable part:

Party may appear in person or by attorney. A party to a civil action who is of full age may prosecute or defend the same in person or by attorney at his election unless he has been judicially declared to be incompetent to manage his affairs.

Bernhard was entitled to be represented by counsel at the show-cause hearing. However, after extensive questioning by the trial judge with respect to whether Bernhard wished to have counsel present, the trial judge decided to proceed with the hearing. We find no error. Bernhard was told he had a right to counsel. He was warned of the potential impact of the show-cause hearing on his financial well-being. Nevertheless, Bernhard stated that he would be willing to tell "his side of the story" to the court. Therefore, defendant elected not to be represented by counsel at the hearing.

Finally, Bernhard presents no evidence that he has been judicially declared incompetent. Further, he has known for at least eleven years that he must license and shield his wrecking facility. Therefore, he knew and understood the charges against him. His testimony at the hearing was competent. He was competent to represent himself at the hearing.

Affirmed.

Justice

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_William E. Hunt Sr._
Justices