No.   89-553

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

ROSS W. CANNON,
          Petitioner and Appellant,

     and

SHARON CANNON,
          Respondent and Respondent.

FILED

APR 1 0 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Joseph B. Gary, Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

          David H. Hull, Helena, Montana

          For Respondent:

          Charles Graveley, Helena, Montana


                         Submitted on Briefs:  February 22, 1990

                                    Decided:  April 10, 1990

Filed:



                    _____
                              Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

After a hearing, the District Court for the First Judicial District, Lewis and Clark County, divided the marital property between the parties and awarded maintenance to Mrs. Cannon. The husband appeals. We remand to the District Court for a redetermination on the distribution of the Honda Prelude. With that exception we affirm the District Court.

The issues for our consideration are:

1.  Did the District Court erroneously fail to address the separation agreement entered into and signed by the parties?

2.  Did the District Court err in the distribution of specific marital assets?

3.  Did the District Court err in awarding maintenance, considering the facts of the case and the duration of the marriage?

Mr. and Mrs. Cannon were married on June 12, 1985. Two years later, in June 1987, the parties separated. There were no children born of the marriage. The District Court declared the marriage dissolved on December 17, 1987, due to irreconcilable differences arising from the costs of alcoholic treatment for Mrs. Cannon. The Court reserved judgment on the disposition of the property.

Mr. Cannon testified that he was living in a condominium prior to his marriage to Mrs. Cannon. He further stated that the 1986 Honda Prelude and the home located at 1075 Woodbridge ("Woodbridge home") were acquired during the marriage from savings he had acquired before the marriage. He testified that Mrs. Cannon brought "household goods, furniture and jewelry and china and

2

dishware and flatware and things from previous homes that she'd lived in".

Mrs. Cannon testified that she brought $4000 into the marriage and sold her complete bedroom set, a washer and dryer, and everything that they would not need in their home together. She testified that they did not have a joint bank account, nor did she have an account of her own. The $4000 went into Mr. Cannon's own account and was to be used for household expenses. When the couple first lived together, Mrs. Cannon did not work. However, after they were married, she worked as a real estate salesperson. She testified that Mr. Cannon told her to give her paychecks to him and it probably was used for household expenses. She testified that Mr. Cannon eventually encouraged her to quit working so that they could more easily spend time traveling together. She testified that they traveled several times to London, California, Washington D.C., and Las Vegas, among others. They also made trips to Spokane twice a month for shopping. According to Mrs. Cannon's testimony, Mr. Cannon gave her a desk for her work and gave her the Honda Prelude for a Valentine's Day gift. The car was in her name. Mrs. Cannon was attending paralegal school in Great Falls at the time of the divorce.

On February 1, 1989, the District Court filed it's findings of facts and conclusions of law with respect to the property distribution. It ordered that Mrs. Cannon receive the washer, dryer and refrigerator from the Duplex; all her personal property at his residence; the 1986 Honda Prelude; the bedspread, mattress

pad, sham pillows and blankets from the master bedroom of the Duplex; and the desk. It further ordered that Mr. Cannon pay her maintenance in the amount of $350 per month for the period of four years so that she may complete her college education. The maintenance stops if Mrs. Cannon quits college or remarries. Mr. Cannon was awarded the Duplex, the Woodbridge home, and all items of personal property not specifically awarded to Mrs. Cannon. He was further ordered to pay the debts secured by the duplex, the Woodbridge home and the Honda Prelude. The parties were ordered to share the costs of her alcohol treatment. Mr. Cannon appeals. We affirm in part and remand in part.

I

Did the District Court erroneously fail to address the separation agreement entered into and signed by the parties?

Mr. Cannon contends that the District Court erroneously failed to address an agreement which the parties had signed. He testified that he took the agreement to Mrs. Cannon and offered her an ultimatum - sign the agreement or the marriage would not continue. He also testified he was uncertain whether she had consulted with her attorney before signing.

Mrs. Cannon maintains that the agreement was unenforceable because it was entered into under undue influence. She contends she was undergoing treatment for alcoholism when Mr. Cannon induced her to sign the agreement by telling her she would not have a home to return to and that the marriage would be over unless she signed.

The only item of property which would be covered by this

4

agreement, if it is to be classed as a separation agreement, is the Honda Prelude. This issue is limited to the distribution of the Honda Prelude.

The agreement signed by both parties in pertinent part provided:

> In the event the parties dissolve their marriage:
> It is further agreed that wife has no interest in the 1986 Honda since the source of funds for the purchase of the same ·has come solely from husband's business, which is his sole and separate property. . . .

> In the event the parties dissolve their marriage:
> Wife hereby waives, releases, foregoes, and disclaims all her rights in any and all property, real, personal, or mixed, wheresoever situated, of which husband is or may become seized or possessed. . .

The effect of the foregoing provisions is that Mrs. Cannon agreed she had no interest in the Honda Prelude, and further agreed that if the marriage were dissolved, she released and disclaimed any right in such automobile. The District Court failed to refer to the agreement in its findings and conclusions.

Section 40-4-201, MCA, provides in pertinent part:

(2) In a proceeding for dissolution of marriage . . . the terms of the .separation agreement . . . are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties . . . that the separation agreement is unconscionable.

(3) If the court finds the separation agreement unconscionable, it may request the parties to submit a revised separation agreement or may make orders for the disposition of property. . . .

The record contains substantial evidence which the District Court may consider on the issue of unconscionability. Unfortunately the District Court has not addressed that issue. We therefore remand

5

to the District Court to determine if the so called separation agreement is unconscionable with regard to the distribution of the Honda Prelude. Following that determination, the District Court shall make such distribution of the Honda Prelude as it finds to be appropriate.

## II

Did the District Court err in the distribution of specific marital assets?

This issue shall apply to all distributed property with the exception of the Honda Prelude which is controlled by the preceding issue.

The standard of review on the part of this Court is set forth in Marriage of Stewart (1988), 232 Mont. 40, 42, 757 P.2d 765, 767:

> A District Court has far-reaching discretion in dividing the marital property. Our standard of review is that the District Court's judgment, when based upon substantial credible evidence, will not be altered unless a clear abuse of discretion is shown.

We have reviewed the record and conclude that the District Court did not so abuse its discretion. The District Court made clear and complete findings of fact, after considering all the relevant factors as set out in §40-4-202, MCA, for the division of property. It found that both parties made "unreasonable" requests for the property division in light of the short duration of the marriage and the few assets acquired, and divided the property in an equitable manner. We hold that the District Court did not err in the distribution of specific marital assets. This holding does not cover the Honda Prelude referred to under Issue I.

6

Did the District Court err in awarding maintenance, considering the facts of the case and the duration of the marriage?

Mr. Cannon maintains that maintenance should be awarded only in very limited circumstances and that it was improper to award maintenance in this case. He contends that Mrs. Cannon failed to show her lack of ability to support herself; that she does not need, at age 50, to go back to college to earn a degree; and he emphasizes the short duration of the marriage. Last, he urges that he is unable to pay the maintenance requested.

Mrs. Cannon asserts that she was working as a real estate agent when the couple was first married, but quit at his insistence so she would be free to travel with him. She also contends that any paychecks she received were given to him and deposited in his account. Consequently, she had acquired no savings with which to even attempt to support herself.

The District Court found that Mrs. Cannon was a recovering alcoholic, was 50 years old, had no assets nor retirement, was attending college, and was in need of maintenance so that she could complete her education and then support herself for the rest of her life. The court further noted that:

> [u]nder the circumstances . . . with the ability of [Mr. Cannon] to earn money as an attorney and (sic) has the ownership of assets such as the duplex that can return money and increase equity, has a Keogh plan, some Public Employees Retirement earnings, and Air Force Retirement [Mr. Cannon] is capable of earning sufficient monies to pay maintenance to [Mrs. Cannon] for a period of four (4)

years so that she can obtain an education so as to support herself for the rest of her life.

Section 40-4-203, MCA, allows the court to award maintenance:

only if it finds that the spouse seeking maintenance:

(a) lacks sufficient property to provide for his reasonable needs; and
(b) is unable to support himself through appropriate employment. . .

It further requires the court to consider the financial resources of the party seeking maintenance; the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; the standard of living established during the marriage; the duration of the marriage; the age and health of the party seeking maintenance; and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. Again, the record is clear that the District Court carefully considered all of these factors. We hold that the District Court did not err in awarding maintenance.

We remand to the District Court for its determination in connection with the Honda Prelude as described under Issue I. With that exception we affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

8

_William E. Hendrix_

_Diane G. Barr_
_____
Justices