No. 90-030

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

LINDA L. COOPER,

     Petitioner and Respondent,

  and

ROBERT T. COOPER,

     Respondent and Appellant.

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

       Brett C. Asselstine, Great Falls, Montana

    For Respondent:

       Kenneth R. Olson, Great Falls, Montana

Submitted on Briefs: April 26, 1990

Decided: May 25, 1990

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Robert Cooper appeals from the decree of the District Court of the Eighth Judicial District, Cascade County, dissolving his marriage to Linda Cooper and distributing marital assets. We affirm.

When the parties met in 1979, Robert was a Master Sergeant in the United States Army with a wife and three children living in Georgia. Robert had been in the service for approximately eighteen years at that time. Linda had two sons from a previous marriage. Robert and Linda resided together sporadically beginning in October of 1979. Upon his retirement from the military in November 1981, Robert returned to Georgia to attempt a reconciliation with his wife. This effort failed and Robert was divorced in June, 1983. Robert was ordered to pay his ex-wife child support of $200 per month per child until his oldest child attained majority and $200 per month alimony thereafter until her death or remarriage. Robert's ex-wife relinquished all claims to his military pension and Veterans Administration disability benefits in exchange for the balance of the marital assets.

The District Court found that:

> [b]etween October of 1979 until . . . [Robert]
> retired in November of 1981 the parties lived
> together in . . . [Linda's] residence. She
> was the homemaker and her income provided the
> husband with many of his necessities,
> including a down payment to purchase a car,
> house payments to [Robert's] first wife in
> Georgia, direct payments of cash to him, car

2

payments and payments on his VISA credit Card Account . . . During this time . . . [Robert] was completing his last two years for his eligibility for his military retirement pension. During this period . . . [Linda] made all the lease payments on the residence and paid all of the household expenses. [Robert's] contribution consisted of the purchase of some groceries.

The parties were married on December 30, 1983. No children were born of the marriage. The District Court determined the marital estate consisted of real and personal property with a value of $102,825.49. The District Court found Robert had dissipated a significant portion of the marital estate through gambling. At the time of trial, Linda's monthly net take-home pay was approximately $1,232.72 and she received $300 per month child support. Linda's monthly expenses were $1,519.44. Robert received his military pension of $800 per month and disability benefits of $133 per month in addition to his salary from K-Mart averaging approximately $20,000 per year. While the District Court made no specific finding regarding Robert's monthly income, it appears to have been roughly $1,900 per month. Robert's monthly expenses were $1,616.83. Robert will be entitled to pension benefits from K-Mart should he retire from his employment there.

The District Court awarded Linda assets with a value totalling $44,321.49 and debt totalling $42,002 for a net distribution of $2,319.49. Robert received assets with a value of $68,504 and indebtedness of $31,584 for a net distribution of $36,920. Linda received the family home and liability for the accompanying

3

mortgage while Robert was required to retire the home improvement loan. Robert was also required to pay Linda $10,000 as part of the marital estate in lieu of maintenance or alimony. The value of Robert's military pension and disability benefits were included as marital assets although neither was distributed to Linda.

Robert raises the following issues on appeal:

1. Was the District Court's requirement that Robert pay the home improvement loan because he dissipated a portion of the marital estate an abuse of discretion?

2. Did the District Court err by failing to add Robert's payment of the home improvement loan to Linda's share of the marital assets?

3. Did the District Court properly include Robert's military pension and disability benefits as assets of the marital estate?

4. Did the District Court abuse its discretion in ordering Robert to pay Linda $10,000 as part of the marital estate in lieu of maintenance or alimony?

We have reiterated the standard of review in dissolution cases many times: The district court has great latitude in distributing marital property and findings of fact and conclusions of law supported by substantial credible evidence will not be overturned on appeal unless they constitute an abuse of discretion. In re Marriage of Cannon (Mont. 1990), ___ P.2d ___, ___, 47 St.Rep. 752, 755.

Section 40-4-202(1), MCA, provides:

4

In a proceeding for dissolution of a marriage, legal separation, or division of property following a decree of dissolution of marriage or legal separation by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to divide the property, the court, without regard to marital misconduct, shall, and in a proceeding for legal separation may, finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including:

(a) the nonmonetary contribution of a homemaker;

(b) the extent to which such contributions have facilitated the maintenance of this property; and

(c) whether or not the property division serves as an alternative to maintenance arrangements.

Following our review of the record we conclude the District

5

Court had substantial credible evidence upon which to base its findings of fact. The first two issues concern the District Court's distribution of the home improvement loan. While we find the District Court did not erroneously conclude Robert dissipated a portion of the marital estate, that finding was not crucial in justifying the court's allocation of the home improvement debt to Robert. Linda's net distribution was little over $2,000, Robert's was in excess of $36,000. The District Court properly ordered Robert to assume this debt. Even if Robert's assumption of this debt were included in Linda's assets, her net distribution would still be far less than Robert's. The District Court did not err in failing to add this assumption of debt into Linda's net distribution.

Robert's third citation of error concerns the inclusion of his military pension and disability benefits in the marital estate. It is well settled that military retirement benefits are a marital asset. In re the Marriage of Luisi (1988), 232 Mont. 243, 246, 756 P.2d 456, 458-59. As concerns the disability benefits, the District Court may properly include in the marital estate any property "however and whenever acquired." Section 40-4-202(1), MCA. The District Court awarded no portion of either asset to Linda. Both the military pension and disability benefits were properly included in the marital estate.

Finally, Robert asserts the lower court erred in requiring that he pay Linda $10,000 as part of the marital estate in lieu of

6

maintenance or alimony. Section 40-4-202(1), MCA, clearly anticipates an award of property in lieu of maintenance. We note once again the disparity between the parties' respective net distributions. The District Court properly ordered the $10,000 payment.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices