No. 91-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF ERMA R. VAKOFF,

     Petitioner and Respondent,

  and

TONY G. VAKOFF,

     Respondent and Appellant.



FILED
FEB 19 1992
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      F. R. Randy Harrison, Missoula, Montana

    For Respondent:

      M. Dean Jellison, Kalispell, Montana

FILED
FEB 19 1992
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: December 30, 1991

Decided: February 19, 1992

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

After a hearing, the District Court for the Eleventh Judicial District, Flathead County, distributed the marital property of the parties in a dissolution proceeding, ordering the husband, Tony G. Vakoff, to pay the sum of $65,283.44 to the wife, Erma R. Vakoff. Mr. Vakoff appeals. We affirm.

There are three issues for our review.

1.    Did Mr. Vakoff have the mental capacity to proceed as a pro se litigant at the final hearing on the parties' dissolution?

2.    Did the District Court abuse its discretion when it failed to grant Mr. Vakoff a new trial, or in the alternative, an amended judgment?

3.    Did the District Court fail to equitably apportion the parties' marital property as required by § 40-4-202, MCA?

Mr. and Mrs. Vakoff married in 1985. In August of 1989, the parties separated and Mrs. Vakoff filed a petition for dissolution that same month. A hearing was held in the District Court and on March 1, 1991, the court filed its Findings of Fact and Conclusions of law. After finding that the marriage of the parties was irretrievably broken in that there was "serious marital discord which adversely affects the marriage", the court entered the decree of dissolution. Mrs. Vakoff was 62 years of age and Mr. Vakoff was 63 years of age at that time.

In its division of marital property, the court first considered the property owned at the time of marriage. Mrs. Vakoff owned property valued at $236,072.44 at the time of marriage and

2

Mr. Vakoff owned property worth $92,425.65 at the same time, making a total of $328,498.09 of marital property at the time of marriage. At the time of divorce the net worth of the marital property had reduced to $314,283.20. After considering the duration of the marriage, the age, health, station, occupation, earning capacity and income of the parties, and the opportunity of each for future acquisition of capital assets, the court concluded that the marital estate should be divided so as to restore to each party the net worth brought into the marriage, less the decrease in net worth in the amount of $14,214.89. The court concluded that Mrs. Vakoff's contribution as a homemaker, as well as the income produced by the assets she brought into the marriage, made at least an equal contribution toward the maintenance and accumulation of assets. The court therefore concluded that the $14,214.89 decrease in net worth should be divided one-half to each Mr. and Mrs. Vakoff. In its initial distribution of assets, before considering this issue, distribution was made to Mrs. Vakoff of property worth $163,681.55 and to Mr. Vakoff property worth $150,601.65. After equally dividing the decrease in net worth, the District Court concluded that Mr. Vakoff was required to pay $65,283.44 to Mrs. Vakoff. Mr. Vakoff appeals that determination.

I

Did Mr. Vakoff have the mental capacity to proceed as a pro se litigant at the final hearing on the parties' dissolution?

From the filing of the petition for dissolution to the hearing, Mr. Vakoff hired and fired three attorneys. He appeared

3

pro se at the final hearing accompanied by two friends who assisted him. On appeal he maintains that the District Court erred in allowing him to proceed pro se when it had knowledge of Mr. Vakoff's diminished mental capacity. He maintains that he did not clearly understand the issues and that the hearing should have been continued until he obtained a new counsel or a guardian ad litem to adequately represent his interests.

Mrs. Vakoff points out that at no time did Mr. Vakoff or any of his three attorneys request a continuance. She maintains that while it is true that Mr. Vakoff suffers some degree of disability as a result of a stroke, such degree of disability does not equate to incompetence.

After the entry of the decree setting forth the property distribution, Mr. Vakoff petitioned the court for a new trial on the basis that his mental disability prevented him from representing himself adequately in his pro se appearance. In denying a new trial, the District Court stated that it had observed Mr. Vakoff during trial and he demonstrated that he understood the issues, represented himself and presented evidence as well as a pro se litigant can be expected to do. We have carefully reviewed the transcript and conclude that the record fails to demonstrate any aspect in which Mr. Vakoff failed to competently represent himself. We conclude there is substantial evidence to support the District Court's conclusion that Mr. Vakoff had represented himself as well as a pro se litigant can be expected to do.

Section 37-61-416, MCA, provides that a party to a civil

4

action who is of full age may prosecute or defend the same in person or by attorney at his election unless he has been judicially declared to be incompetent to manage his affairs. In State of Montana ex rel. Dept. of Health and Envtl. Science v. Bernhard (1986), 220 Mont. 275, 279, 714 P.2d 558, 561, the pro se defendant appealed maintaining that he had been incompetent to represent himself at the hearing in the lower court. In Bernhard, this Court held that the pro se litigant presented no evidence that he had been judicially declared incompetent; knew and understood the charges against him; and was therefore competent to represent himself at the hearing.

The same reasoning should be applied in the present case. Mr. Vakoff failed to present evidence to establish incompetence. The transcript demonstrates that Mr. Vakoff clearly understood the issues. Mr. Vakoff has failed to set forth any evidence he failed to present at the time of the hearing. As previously mentioned, the District Court determined that Mr. Vakoff represented himself as well as a pro se litigant could be expected to do. We hold that Mr. Vakoff did have the mental capacity to proceed as a pro se litigant at the final hearing.

## II

Did the District Court abuse its discretion when it failed to grant Mr. Vakoff a new trial, or in the alternative, an amended judgment?

Following the entry of the dissolution decree, Mr. Vakoff filed a motion for a new trial or in the alternative, a motion to

5

amend the judgment with respect to the division of the marital property. Again he maintains that his diminished mental capacity affected his ability to represent himself and as a result he failed to present relevant evidence relating to the division of the marital property. The District Court denied his motions.

On appeal, Mr. Vakoff maintains that because of his diminished mental capacity he should have been allowed a new trial or to amend the judgment under Rule 59(g) or Rule 60(b), M.R.Civ.P. Mrs. Vakoff maintains that even if Mr. Vakoff suffered from a diminished mental capacity to the point it would effect his pro se representation, he failed to state what relevant evidence he would have introduced that would have affected the District Court's distribution of the marital estate.

Our holding on Issue I necessarily is determinative of this issue as we concluded that Mr. Vakoff's pro se representation was adequate. As previously mentioned, Mr. Vakoff failed to describe any evidence which he had failed to present at the hearing. We hold that the District Court did not abuse its discretion when it denied Mr. Vakoff a new trial, or in the alternative, an amended judgment.

III

Did the District Court fail to equitably apportion the parties' marital property as required by § 40-4-202, MCA?

Mr. Vakoff maintains that the District Court acted inequitably in ordering him to pay Mrs. Vakoff the sum of $65,283.44 and in its attempt to restore the parties to their premarital net worth. He

6

cites Marriage of Keepers (1984), 213 Mont. 350, 691 P.2d 810, for the proposition that the property should be apportioned between the parties however and whenever acquired, and that the court is not bound to restore the parties to their premarital status. Mrs. Vakoff maintains that the District Court's division of property is fair and reasonable and should not be disturbed absent a clear abuse of discretion. We agree.

Section 40-4-202, MCA, provides (in part)

[A] court . . . shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage . . . ; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; . . . and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of a spouse as a homemaker or to the family unit. In dividing property acquired prior to the marriage; . . . the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including:
    (a) the nonmonetary contribution of a homemaker;
    (b) the extent to which such contributions have facilitated the maintenance of this property; and
    (c) whether or not the property division serves as an alternative to maintenance arrangements.

"A district court has far-reaching discretion in dividing the marital property." Marriage of Cannon (1990), 242 Mont. 230, 234, 790 P.2d 479, 482; Marriage of Stewart (1988), 232 Mont. 40, 42, 757 P.2d 765, 767.

After reviewing the record we conclude that the District Court did not abuse its discretion. The District Court made extensive

7

findings of fact after considering all the relevant factors for the division of property as required in § 40-4-202, MCA. It listed the relevant property owned by each at the time of marriage, including values, and also listed the marital property as it existed at the time of separation, including values. The District Court determined that the most equitable way to divide the property was to restore to each the net worth brought into the marriage, less the decrease in net worth in the amount of $14,214.89 which was divided equally between Mr. and Mrs. Vakoff. The District Court concluded that awarding Mrs. Vakoff $65,283.44 was necessary to accomplish an equitable division of the property. We conclude that the findings on the part of the District Court are not clearly erroneous under Rule 52(a), M.R.Civ.P., and hold that the District Court equitably apportioned the marital property as required by § 40-4-202, MCA.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

February 19, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

F. R. Randy Harrison
HARRISON LAW OFFICE
210 N. Higgins, Suite 336
Missoula, MT 59802

M. DEAN JELLISON
Attorney at Law
431 First Avenue West
Kalispell, MT 59901

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy