No. 91-326

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
SANDY ROBERSON,

          Plaintiff and Respondent,

   and

JERRY ROBERSON,

          Defendant and Appellant.

**FILED**

APR 9 – 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Jerald B. Roberson, Pro Se, Chattanooga, Tennessee

     For Respondent:

         Cameron G. Ferguson, Great Falls, Montana

Submitted on Briefs:  December 4, 1991

Decided:  April 9, 1992

Filed:

_____
              Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Jerry Roberson (Husband) appeals the findings of fact, conclusions of law and judgment of the Eighth Judicial District, Cascade County, which dissolved his marriage to Sandy Roberson (Wife), distributed the marital estate, and provided child support. We affirm.

Husband presents eleven issues on appeal. We consolidate these issues as follows:

1. Did the District Court err in distributing the marital estate?

2. Did the District Court err in determining Husband's child support obligation?

Husband and Wife were married on October 21, 1972. The marriage produced four children: Michelle, Jason, Jennifer and Suzanne. At the time of trial, Wife resided with the children in the family home and Husband was incarcerated at Montana State Prison. Husband has been diagnosed with cancer. Wife works as a nurse's assistant earning $13,000 annually. Husband receives $16,330 annually in military retirement benefits throughout his lifetime.

Wife petitioned for legal separation on February 3, 1989. On January 12, 1990, Wife moved to amend her petition to a petition for dissolution of marriage. The District Court granted this amendment on February 6, 1990.

2

The District Court heard testimony on this matter on May 11, 1990, and February 7, 1991. In findings of fact, conclusions of law and judgment dated March 12, 1991, the District Court dissolved the marriage, distributed the marital assets and provided for child support. From this order, Husband now appeals.

1. Did the District Court err in distributing the marital estate?

Husband argues that the District Court used the wrong figures in the fraction used to calculate the marital interest in his military retirement benefits. The District Court concluded that Wife was entitled to 28% of Husband's military retirement benefits based on the fraction of his years of service during the marriage over his years of total service. Husband argues that Wife is entitled to 26.9% of his military retirement benefits based on his computation using figures not presented at trial.

Military retirement benefits are marital assets. In Re the Marriage of Cooper (1990), 243 Mont. 175, 178, 793 P.2d 810, 812. To calculate a spouse's share of military retirement benefits, the following formula has been devised:

$$\frac{\text{Years of Service During Marriage}}{\text{Years of Total Service}} \quad X \quad \text{Monthly Benefit (after taxes)} \quad X \quad 1/2$$

. . . .

Under this method, the marital interest is represented by a fraction, the numerator of which is the length of the employee's service during the marriage, and the denominator is the employee's total length of service. The fraction is then applied to each benefit payment, lump or periodic, to determine the portion earned during the marriage. Although the extent of the marital interest is determined as of the date of the dissolution, the benefit factors to be applied to the pension credits earned during the marriage are those in effect at retirement. Thus, the non-employee spouse is entitled to increases or accruals on her interest because of the delay in receiving those payments.

In Re the Marriage of Rolfe (1988), 234 Mont. 294, 298, 766 P.2d 223, 226 (citation omitted).

The record indicates that Husband's service during the marriage was 14.5 years. He served a total of 26 years. Using the above formula, Wife's share of Husband's military retirement benefits is 28%. We note that Husband did not object to these figures presented at trial and used by the District Court to determine the parties' shares in the military retirement benefits. Based on the figures presented at trial and the above formula, we hold that the District Court properly determined that Wife was entitled to 28% of Husband's military retirement benefits. In the event Husband's military retirement benefits increase due to cost of living or other increases, Wife's interest will increase proportionately.

The rest of the marital estate consists of a home appraised at $66,000 with an outstanding mortgage of $45,571; two life insurance policies, one insuring Wife's life and one insuring Husband's life;

4

a 1988 Ford Tempo subject to a lien; two older vehicles; household furniture and miscellaneous belongings. The marital estate also includes various debts. The District Court awarded each party a 50% interest in the home. It found Wife entitled to live in the home until the parties' youngest child reaches age eighteen and found her responsible for paying the house payments. Wife, however, has the option of selling the home at any time provided that the proceeds from the home sale are equally shared between the parties. The District Court further awarded: 1) each party his or her respective life insurance policy, 2) Wife the 1988 Ford Tempo and Husband the two other vehicles, and 3) Husband and Wife equal interests in the remaining property. The District Court further found Husband responsible for all debts of the marriage other than the house payments and the 1988 Ford Tempo loan, Wife responsible for paying back one-half of the funds she withdrew from a joint checking account during the parties' separation, and both parties equally responsible for major maintenance costs associated with the home. Husband raises arguments with regard to the District Court's distribution of all of these assets and debts.

The District Court holds far-reaching discretion in dividing marital property. In Re the Marriage of Skinner (1989), 240 Mont. 299, 304, 783 P.2d 1350, 1353 (citations omitted). This Court will not reverse a District Court's judgment unless a clear abuse of discretion is shown. Skinner, 240 Mont. at 304, 783 P.2d at 1353.

5

After a careful review of the record and the District Court's findings of fact and conclusions of law and judgment, we hold that the District Court did not abuse its discretion when it distributed the marital estate of Husband and Wife.

2. Did the District Court err in determining Husband's child support obligation?

The District Court awarded Wife 42.7% of the remaining 72% of Husband's military retirement benefits for child support based on the Uniform Child Support Guidelines (Guidelines). The District Court further found Husband responsible for the children's hospital, medical, dental, optical and prescription drug expenses not otherwise covered by insurance. Husband argues that the District Court used incorrect income figures of the parties when it applied the Guidelines. Husband, however, failed to object to the income figures presented at trial. Husband further argues that the children's medical expenses should be prorated between the parties under the Guidelines.

Based on the figures presented at trial, we hold that the District Court properly determined that Wife was entitled to 42.7% of Husband's remaining 72% of his military retirement benefits for child support. Additionally, we hold that the District Court did not abuse its discretion when it found Husband responsible for the children's medical expenses not covered by insurance based on the

6

Husband's vested interest in his military retirement benefits, Wife's limited income as a nurse's assistant as related to the financial obligations of raising four children, and Husband's ability to find employment once he is released from prison.

We affirm the District Court's March 12, 1991 findings of fact, conclusions of law and judgment which dissolved Jerry and Sandy Roberson's marriage, distributed the parties' marital estate and provided for child support.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

April 9, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jerald B. Roberson
204 Central Drive
Chattanooga, TN  37421

CAMERON G. FERGUSON
Attorney at Law
P.O. Box 1629
Great Falls, MT  59403-1629

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy