No. 93-022

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF:

ELIZABETH A. MURPHY,

      Petitioner-Appellant,

  and

KENNETH R. MURPHY,

      Respondent-Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Joan E. Cook, Miller & Cook, Great Falls, Montana

      For Respondent:

      Marcia Birkenbuel, Great Falls, Montana

**FILED**

NOV - 2 1993

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: June 10, 1993
Decided: November 2, 1993

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an action from the Eighth Judicial District Court, Cascade County, granting a dissolution and apportioning the marital estate. Petitioner wife appeals the court's division of the marital estate and specifically the court's exclusion of her husband's Veteran's Administration (VA) disability benefits from the marital estate. Affirmed.

We consider the following question on appeal: Did the District Court abuse its discretion in dividing the marital estate without sufficient consideration of the parties' opportunities for future income or by failing to consider Kenneth's VA disability benefits in the marital estate?

Elizabeth A. Murphy (Elizabeth) and Kenneth R. Murphy (Kenneth) were married on December 15, 1970 in Basle, Switzerland. Two children were born to the couple. Elizabeth did not work outside the home during the marriage. Kenneth served in the United States Air Force from 1962 until 1990.

After Kenneth's retirement, the Department of Veteran's Affairs determined that he was one hundred percent service related disabled. He currently receives VA disability payments of $1849 per month.

Elizabeth filed a petition for dissolution and the matter was heard by the trial court on August 19, 1992. The parties stipulated joint legal custody of the one minor child with primary custody awarded to Kenneth. The parties further agreed that

Kenneth would not seek child support if Elizabeth would not seek maintenance.

In its conclusions of law, the District Court granted dissolution of the marriage and joint legal custody of the minor child, with primary custody to Kenneth. The court ordered that each party pay fifty percent of the remainder of the child's medical bills after insurance coverage. Further, the court determined as a matter of law, Kenneth's VA disability pay is not a marital asset. The court stated that it had considered all the relevant factors set out in § 40-4-202, MCA, when dividing the marital estate.

Did the District Court abuse its discretion in dividing the marital estate without sufficient consideration of the parties' opportunities for future income or by failing to consider Kenneth's VA disability benefits in the marital estate?

In considering a district court's division of marital property, we will not discount the considerable discretionary power that must be exercised by the district courts in these cases. Marriage of Hamilton (1992), 254 Mont. 31, 835 P.2d 702. We review a district court's findings of facts relating to the division of marital property by determining whether the findings are clearly erroneous. Marriage of Danelson (1992), 253 Mont. 310, 833 P.2d 215. We will review a district court's legal determinations to see if the court's conclusions are correct. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

3

However, district courts must make discretionary decisions, using reasonable judgment and relying on common sense, in an attempt to make an equitable division of property. Hamilton, 254 Mont. at 36, 835 P.2d at 704. These discretionary judgments made by the trial court are presumed to be correct and will not be disturbed by this Court absent an abuse of discretion. Danelson, 253 Mont. at 317, 833 P.2d at 219-220.

Elizabeth here argues that according to In re Marriage of Cooper (1990), 243 Mont. 175, 793 P.2d 810, the District Court should have considered Kenneth's disability pay when evaluating each spouse's potential future income. Elizabeth reasons that despite the U.S. Supreme Court decision of Mansell v. Mansell (1989), 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675, which clearly directed State courts that a serviceperson's Veteran's Administration (VA) disability pay cannot be considered as part of a marital estate, courts must consider this type of disability pay when determining the parties' potential future income. Kenneth's receipt of VA disability pay means that he has at least a future income of about $2,000.

Kenneth argues that the District Court did not err in excluding his disability pay from the marital estate. Kenneth also argues that the court properly considered the elements of § 40-4-202, MCA, including potential future income. According to Kenneth, the District Court equitably apportioned the marital estate. Kenneth further asserts that the failure of the court to state with

4

particularity each party's future acquisition of income is inconsequential.

The District Court divided the marital property equally between the parties. First, we point out that on appeal to this Court, Elizabeth's counsel centers her argument on our Cooper decision. The District Court did not cite Cooper, it followed the earlier U.S. Supreme Court case of Mansell. Mansell interpreted portions of the federal Uniformed Services Former Spouses' Protection Act, 10 USC § 1408 (the Act.)

We stated in Cooper:

> Robert's third citation of error concerns the inclusion of his military pension and disability benefits in the marital estate. It is well settled that military retirement benefits are a marital asset. In re the Marriage of Luisi (1988), 232 Mont. 243, 246, 756 P.2d 456, 458-59. As concerns the disability benefits, the District Court may properly include in the marital estate any property "however and whenever acquired." Section 40-4-202(1), MCA. The District Court awarded no portion of either asset to Linda. Both the military pension and disability benefits were properly included in the marital estate.

Cooper, 243 Mont. at 178-179, 793 P.2d at 812. Such inclusion in the marital estate of the "VA" disability benefits is an incorrect analysis of the law following the Mansell decision. Cooper involved VA disability benefits and for this reason the Cooper decision was incorrectly decided with regards to VA disability benefits. Cooper remains precedent for other kinds of military disability and for military retirement.

The District Court here correctly placed precedent on Mansell's interpretation of the Act and not our own Cooper decision. The Mansell decision cited by the District Court as

5

precedent for exclusion of Kenneth's disability pay in the marital estate provides:

> . . . the question is one of statutory construction . . . . its language is both precise and limited. It provides that "a court may treat disposable retired or retainer pay . . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court . . . . The Act's definitional section specifically defines the term "disposable retired or retainer pay" to exclude, inter alia, **military retirement pay waived in order to receive veterans' disability payments** . . . . Thus, under the Act's plain and precise language, state courts have been granted the authority to treat disposable retired pay as community property . . . . not . . . . the authority to treat total retired pay as community property . . . .

Mansell, 490 U.S. at 588-589, 109 S.Ct. at 2032, 104 L.Ed.2d at 685.

The Act defines the disposable retired or retainer pay as not including VA disability specifically. All other military disability pay and retirement pay may be considered by state courts as community property, i.e. divisible property. Mansell and the Act make it clear that the VA disability pay is personal to the service person and is meant to compensate the service personnel for his or her loss of working ability.

The majority of jurisdictions which we researched, interpreted Mansell to bar inclusion of this personal pay in the total ascribed to the combined marital estate. In re Marriage of Kraft (Wash. 1992), 832 P.2d 871; Rothwell v. Rothwell (Tex.App 1989), 775 S.W.2d 888; Davis v. Davis (Ky. 1989), 777 S.W.2d 230; Jones v. Jones (Haw. App. 1989), 780 P.2d 581; Lambert v. Lambert (Va. App. 1990), 395 S.E.2d 207; Riley v. Riley (Md.App. 1990), 571 A.2d

6

1261; Murphy v. Murphy (Ark. 1990), 787 S.W.2d 684; In re Marriage of Franz (Col.App. 1992), 831 P.2d 917; Maxwell v. Maxwell (Utah App. 1990), 796 P.2d 403; Toupal v. Toupal (N.M. App. 1990), 790 P.2d 1055.

The <u>Mansell</u> Court was cognizant that the impact its interpretation of the Act could have on former spouses of service people could be adverse:

> We realize that reading the statute literally may inflict economic harm on many former spouses. But we decline to misread the statute in order to reach a sympathetic result . . . .

<u>Mansell</u>, 490 U.S. at 594, 109 S.Ct. at 2036, 104 L.Ed.2d at 689. Despite its reluctance the Court held that:

> the Former Spouses' Protection Act does not grant state courts the power to treat as **property divisible upon divorce** military retirement pay that has been waived to receive veterans disability benefits. (Emphasis added.)

<u>Mansell</u>, 490 U.S. at 594-95, 109 S.Ct. at 2036, 104 L.Ed.2d at 689. The District Court correctly refused to include Kenneth's disability in the marital estate. We conclude it is necessary that we modify the <u>Cooper</u> decision to meet <u>Mansell</u> requirements. We hold that the <u>Cooper</u> decision is limited as follows:

> Our courts may not include in a marital estate military retirement pay which has been waived in order to receive veterans' disability benefits from the United States.

Elizabeth argues that while <u>Mansell</u> is controlling, its holding does not prohibit this Court from consideration of Kenneth's disability as part of his potential future income. Our legislature has specifically provided that courts must consider the potential future earning power of the parties when making its division of the

7

marital estate. Section 40-4-202, MCA. Kenneth's VA disability benefits are part of his future income earning potential. Here, the court considered the fact that Kenneth would have almost $2,000 a month of income in the future for as long as he lived.

While the court was presented with detailed information concerning Kenneth's present economic needs and potential for future income, it was not presented with such detailed information concerning Elizabeth's economic needs or future income. The court did find, and the record bears out, that Elizabeth earned about $500 per month and could live on that sum.

We conclude that the court did not abuse its discretion in dividing the marital estate because it considered, pursuant to § 40-4-202, MCA, Kenneth's disability pay as well as what little information it was provided concerning Elizabeth's economic needs and income earning potential. We, therefore, hold that the court's findings of fact are not clearly erroneous and thus, the court did not abuse its discretion in dividing the marital estate or err in determining that under Mansell, Kenneth's disability should not be included in the total of the marital estate.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

8

_Karla M. Gray_

_Terry Trieweiler_

_William E. Hunt, Sr._
**Justices**