No. 97-246

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


IN RE MARRIAGE OF

JANET STICE DORSEY,

Petitioner and Appellant,

and

GEORGE W. DORSEY, III,

Respondent and Respondent.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable William Nels Swandal, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

James D. McKenna, Walsh & McKenna,
Bozeman, Montana

For Respondent:

Edmund P. Sedivy, Jr.; Sedivy, Bennett & White;
Bozeman, Montana


Submitted on Briefs: August 7, 1997

Decided: September 8, 1997
Filed:


_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

The marriage of Janet Stice Dorsey and George W. Dorsey was dissolved pursuant to a decree issued by the Eighteenth Judicial District Court, Gallatin County. Subsequently, Janet moved the court to alter or amend the decree. Janet appeals the District Court's order denying her motion to alter or amend.

Affirmed.

The issues on appeal are:

1. Did the District Court abuse its discretion when it denied Janet's motion to alter or amend the judgment with respect to the distribution of certain personal property items?

2. Did the District Court abuse its discretion when it denied Janet's motion to alter or amend the judgment with respect to the division of the individual retirement accounts?

FACTUAL BACKGROUND

Janet and George Dorsey were married on February 23, 1980, in New York City, New York, and have been married since that time. The parties have been separated and have lived apart since January 1, 1995. On November 2, 1995, Janet Dorsey filed a petition for dissolution of marriage with the Eighteenth Judicial District Court, Gallatin County.

This case was tried before the District Court on October 23 and 24, 1996. On December 9, 1996, the District Court issued its findings of fact, conclusions of law, and dissolution of marriage. On December 31, 1996, the District Court issued its decree of dissolution.

On January 10, 1997, Janet filed a motion to alter or amend judgment pursuant to Rule 59(g), M.R.Civ.P. On February 25, 1997, the District Court issued an order denying Janet's motion to alter or amend judgment. Janet now appeals from the District Court's order denying her motion.

DISCUSSION

The amendment of a judgment is within the discretion of a district court. See Marriage of Grounds/Coward (1993), 256 Mont. 397, 402-03, 846 P.2d 1034, 1037-38; Marriage of Vakoff (1992), 252 Mont. 56, 59-60, 826 P.2d 552, 554.

Janet's motion to alter or amend judgment requested relief in two areas. First, Janet seeks to amend the decree to award her certain personal property items which she listed on Exhibit A, which was attached to her proposed findings of fact and conclusions of law. Second, she seeks to amend the decree to provide that each of the parties shall receive one-half of the individual retirement account (IRA) funds owned by them, either in the form of actual funds and accounts, or at each party's option, the cash equivalent of those funds. In denying her motion to alter or amend judgment, Janet contends that

the District Court abused its discretion and should be reversed.  We address these items
separately to determine whether the District Court abused its discretion in denying Janet's
motion to alter or amend judgment.

ISSUE 1

Did the District Court abuse its discretion when it denied Janet's motion to alter
or amend the judgment with respect to the distribution of certain personal property items?

Paragraph 7 of the decree of dissolution states:

The assets and debts of the parties are distributed as set forth in
Exhibit A, attached hereto and by this reference made a part of this Decree.
Unless otherwise agreed by the parties, transfer of all property, including
stock certificates, all items set forth in Findings of Fact No. 17, the Jersey
Pride loan and other property shall be made within ten (10) days from the
date hereof, and Respondent's temporary support obligations shall cease as
of December 1, 1996.

Janet argues that this paragraph of the court's decree should be amended to allow
her to be awarded not only the items set forth in the District Court's Finding of Fact No.
17, but also all the items listed on petitioner's Exhibit A attached to her proposed findings
of fact and conclusions of law.

The District Court's Finding of Fact No. 17 reads:

When the parties, separated, Respondent moved from the marital
home and removed furniture and other items at that time.  Petitioner
requested at trial that she have returned to her possession the items on
Exhibit A of Petitioner's Amended Proposed Findings of Fact and
Conclusions of Law.  Respondent objected to that and to the value placed
on the items in the houses.  The Court accepts the values placed on the
items by Vellinga Auction Company as little evidence was offered, (except
as to the jewelry), to support any other values.  The Court will order that
Petitioner have returned to her possession the "Cherry Blossom" green and
pink Depression ware, items made by Petitioner's father and mother, all
gifts given to the  Petitioner by her children, friends and family, one-half
of the Wallace Nutting pictures, one-half of the camping equipment, and the
Madame Alexander Doll Collection.  The Court gives respondent item
#229, the antique dining table with six matching chairs.  The Court declines
to further attempt to divide the household furnishings, but leaves the parties
to negotiate any change in such division themselves.

Attached to the District Court's findings of fact and conclusions of law was the
court's Exhibit A, an itemized distribution of the parties' assets and debts.  Among the
items, the  District Court awarded Janet "Items on Petitioner's Exhibit A," with a value
of $560.

Janet argues that this description of personal property, and the value, was taken

from the proposed distribution set forth on Exhibit B to her amended proposed findings of fact and conclusions of law. This description, and the value, was taken from Paragraph 25 of Janet's amended proposed findings and conclusions and includes all the property on Janet's Exhibit A to her proposed findings and conclusions. Janet contends that the District Court had actually intended to adopt her proposed distribution of these assets, and that she was to receive all of those personal property items. Thus, Janet concludes that the decree of dissolution does not conform to the District Court's findings of fact and conclusions of law and the District Court abused its discretion in failing to alter or amend the decree of dissolution.

George counters that the marital property that Janet was to receive in the dissolution was clear and definite. He states that the District Court properly exercised its discretion in dividing the marital property and by denying Janet's motion to alter or amend judgment.

This Court determines that the District Court's distribution of the marital personal property assets was clear and definite. The District Court further clarified the distribution of the personal property for both parties in a minute entry dated December 31, 1996. In the minute entry, issued after the decree of dissolution and the findings of fact and conclusions of law, the District Court stated that the court signed decree "accurately reflects the Court's intent in this matter." The District Court further states that "[p]etitioner is only entitled to the property listed on Exhibit 'A,' which is specifically mentioned in Finding of Fact No. 17."

The District Court specified in Finding of Fact No. 17 that certain items from petitioner's Exhibit A be returned to Janet. This Court concludes that by specifying that certain items from petitioner's Exhibit A be returned to Janet, the District Court intended that the remaining items stay in George's possession. Furthermore, taken as a whole, the District Court's findings of fact and conclusions of law, the decree of dissolution, and the minute entry of December 31, 1996, conform in all material respects.

We conclude that the District Court did not abuse its discretion in declining to amend the personal property award and give Janet all the items listed on petitioner's Exhibit A.

                              ISSUE 2

Did the District Court abuse its discretion when it denied Janet's motion to alter

or amend the judgment with respect to the division of the individual retirement accounts?

Janet argues that the District Court abused its discretion by not amending Paragraph 8 of the dissolution decree to provide that each of the parties receives one-half of the IRA funds owned by them, either in the form of actual funds and accounts, or at each party's option, the cash equivalent of those funds. In the decree, the District Court gave George the option of either paying Janet one-half of the current cash value of both IRA accounts and keeping the IRA accounts for himself, or transferring one-half of each individual IRA account to Janet.

The parties stipulated that the IRA accounts had a current cash value of $38,666. This figure was determined by taking the current balances of the two IRA accounts and adding them together for a total of $64,445. From this amount, the parties subtracted 10 percent for a penalty charge and 30 percent for income taxes if the accounts were liquidated at the time of stipulation to determine the current cash value of $38,666. In Exhibit A attached to the District Court's findings of fact and conclusions of law, both Janet and George were awarded $19,333, one-half of the total current cash value of both IRA accounts.

Janet argues that by allowing George the option of keeping the IRA accounts and paying her $19,333, the District Court is allowing for a grossly disproportionate distribution of the IRA accounts. Janet asserts that if George exercises this option, he will only pay her $19,333 and keep an asset worth $64,445. She argues that this result would be contrary to the plain language of the District Court's findings of fact and conclusions of law, and significantly alters the overall distribution of the marital estate from what is shown on Exhibit A.

George argues that the division of the IRA accounts was equitable and that Janet received her fair share. George states that neither party is of an age that he or she can cash in the IRAs without paying a penalty and income taxes. At this time, the IRA accounts cannot be cashed in for $64,445, they only have a net redemption value of $38,666.

In the order denying Janet's motion to alter or amend judgment, the District Court stated, with respect to the IRA accounts, that as long as Janet received one-half of the total present value of the IRA accounts as stipulated by the parties, she is receiving an equitable distribution.

This Court concludes that the District Court did not abuse its discretion in denying

to amend its judgment with respect to the division of the IRAs. Both parties stipulated on October 22, 1995, the first day of trial, that the IRAs had a present value of $38,666. Under Paragraph 8 of the dissolution decree, the District Court gave George the option of either transferring ownership of one-half of the IRA accounts or paying Janet $19,333, the net value of those accounts. If George chooses to pay Janet $19,333 in cash, she is still receiving one-half of the total present value of the IRA accounts, and thus, she is receiving an equitable distribution.

George requests that this Court award him attorney fees and costs for defending this appeal. Under 40-4-110, MCA, this Court may allow the recovery of attorney fees incurred after entry of judgment by the district court, including attorney fees incurred in defending an appeal.

The discretionary nature of 40-4-110, MCA, does not mandate the Court to award costs and attorney fees. We decline to do so here.

In conclusion, this Court holds that the District Court did not abuse its discretion in denying Janet's motion to alter or amend judgment with respect to the distribution of the personal property assets or the IRA accounts.

Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER
/S/ WILLIAM E. HUNT, SR.