# FILED

March 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0286

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 91N

IN RE THE MARRIAGE OF

REBECCA ANN CLAPSADDLE,

      Petitioner and Appellant,

   and

KEITH ARCHIE CLAPSADDLE,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                     In and For the County of Gallatin, Cause No. DR 07-341C
                     Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Rebecca Ann Clapsaddle, (self-represented litigant); Ronan, Montana

      For Appellee:

            Keith Archie Clapsaddle, (self-represented litigant); Des Moines, Iowa

Submitted on Briefs:  February 25, 2009

Decided:  March 24, 2009

Filed:

_____
                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Rebecca Clapsaddle appeals the order of the Montana Eighteenth Judicial District Court, Gallatin County, which granted her Motion to Withhold Income for Child Support. Rebecca claims the District Court incorrectly calculated Appellee Keith Clapsaddle's income and the amount of withholding for past-due child support. We review a court's order of child support for abuse of discretion. *In re Marriage of Graham*, 2008 MT 435, ¶ 8, 347 Mont. 483, 199 P.3d 211.

¶3 On October 12, 2007, Keith and Rebecca jointly filed an Acknowledgement and Agreement for Amendment of Child Support, and attached thereto a Montana Child Support Guideline Worksheet, which stated that Keith's annual net income was $19,148. On February 29, 2008, the District Court ordered Keith pay support for his minor daughter and disabled adult son at a rate of $421.75 per month beginning March 1, 2008. Further, the court ordered that support decrease to $210 per month on July 1, 2008, when their daughter graduates from high school. The court specified in its order that support for their disabled son should be reevaluated no later than September 1, 2010, and, absent

2

additional agreement or court order, Keith's obligation to provide support for their son would terminate December 31, 2010. In addition to these support obligations, the District Court determined $450 should be withheld from Keith's paycheck each month for past-due child support. In sum, the court ordered $871.75 withheld from Keith's pay until the end of June 2008, and beginning July 1, 2008, the amount of withholding would decrease to $660.

¶4 In addition to both parents' sworn statement that Keith's net annual income was $19,148, Rebecca also submitted Keith's 2006 tax return, which corroborated the amount they had reported. Pursuant to § 40-5-309, MCA, the court could order the withholding for the current child support obligation, plus at least 25% for payment of past-due support. However, total withholdings could not exceed 65% of Keith's disposable income. Section 40-5-309(3), MCA. The court's order for Keith to pay $450 for past-due child support represents more than 25% of his net income. The total monthly withholdings, which include Keith's current and past-due child support obligations, total more than 41% of his income. Rebecca has failed to demonstrate the court abused its discretion in determining Keith's child support obligations.

¶5 Rebecca argues the court should have applied § 40-5-416, MCA, instead of § 40-5-309, MCA. Section 40-5-416, MCA, provides an alternate formula for calculation of child support obligations. However, that provision governs the administration and issuance of child support orders by the Department of Health and Human Services. Accordingly, the court did not err in applying § 40-5-309, MCA.

3

¶6    Rebecca also claims the court abused its discretion by failing to respond to her "Motion for Reconsideration." We have previously stated that "a motion of reconsideration is not one of the post-judgment motions provided for, or authorized by, the Montana Rules of Civil Procedure." *Horton v. Horton*, 2007 MT 181, ¶ 7, 338 Mont. 236, 165 P.3d 1076. We therefore construe Rebecca's motion as a motion to amend pursuant to Rule 59(g) of the Montana Rules of Civil Procedure. Upon the expiration of sixty days, the motion was deemed denied. M. R. Civ. P. Rule 59(g). After reviewing the record, we conclude the District Court did not abuse its discretion in denying Rebecca's motion to modify the order. *In re Marriage of Dorsey*, 284 Mont. 392, 394, 945 P.2d 430, 431 (1997).

¶7    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶8    We affirm the judgment of the District Court.

/S/ JIM RICE

4

We concur:


/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON